■ JUDITH PASCALE, Respondent, v STANLEY HOPPENFELD, Appellant, et al., Defendants. — Order, Supreme Court, Bronx County (Kent, J.), entered December 16, 1981, unanimously modified, to the extent appealed from, on the

law and the facts and in the exercise of discretion, so as to provide that denial of defendant-appellant Hoppenfeld's motion to dismiss the complaint or to preclude (CPLR 3126) shall be on condition that, within 20 days after service of the order entered hereon, plaintiff's attorneys personally shall pay to defendant-appellant alone the sum of $350 costs, and shall simultaneously furnish a bill of particulars herein, as well as an authorization for medical records as heretofore ordered, the cross motion by plaintiff-respondent for an extension of time and vacatur of default being dismissed as academic by virtue of the foregoing, all without costs of this appeal; failing compliance by plaintiff-respondent with the foregoing in any particular thereof, the order is reversed, on the law, the facts and in the exercise of discretion, and defendant-appellant's motion to dismiss the complaint is granted, with costs of this appeal to defendant-appellant. Plaintiff had been directed by a prior order to furnish certain medical information and authorizations in this malpractice case to defendant. When nine months had gone by without compliance or explanation, defendant-appellant moved (CPLR 3126) for dismissal of the complaint or, alternatively, for preclusion. Special Term denied defendant's motion, though incongruously at the same time ordering compliance with the prior order on condition of payment of costs, without however fixing a deadline for compliance except for that portion directing payment of costs. The foregoing corrects what Special Term obviously intended to do. We do not regard the costs imposed as sufficient in the circumstances of neglect found here and have increased the amount. This is not a case of law office failure involving vacatur of a default; it is simply the sort of situation envisioned by CPLR 3126. We do not reach any portion of the subject order which relates to the hospital defendants, who did not participate in this appeal. Concur — Sullivan, J. P., Markewich, Bloom and Milonas, JJ.